UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Alfred William LaSure**, #264677, | ) C/A No. 0:06-1160-RBH-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Mr. Ervin Maye; and<br>Mr. O. Lee Sturkey, | ) |
| Defendants. | ) |

This is a civil rights action filed by the Plaintiff *pro se*. Plaintiff is incarcerated at the Edgefield County Detention Center, awaiting transfer through civil commitment into the Behavior Disorders Treatment Program operated by the South Carolina Department of Mental Health for persons designated as sexual predators under South Carolina law.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972);  Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).  Even under this less stringent standard, however, Plaintiff's Complaint is still subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in



the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990).

## Discussion

According to Plaintiff's Answers to the Court's Special Interrogatories and attachments thereto (Entries 5 & 6) and available records of this Court in Civil Action No. 0:04-944-RBH,[1] he pled *nolo contendere* to one count of Lewd Act on Child under the age of 16 in Edgefield County in either late 1999 or early 2000.  Plaintiff was sentenced to twelve years in prison, and served five years and one month of that sentence before "maxing out" on December 1, 2005.  Since that time, he apparently has been held in the Edgefield County Detention Center awaiting transfer to the Behavior Disorders Program.  Plaintiff's attempts to have his plea set aside and his conviction and sentence overturned in state collateral proceedings (PCR and appeals therefrom) were unsuccessful, as was his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed in this Court in March 2004.  See LaSure v. SCDC, Civil Action No. 0:04-944-RBH.  Plaintiff's appeal to the Fourth Circuit Court of Appeals was dismissed, and the United States Supreme Court denied his Petition for Writ of Certiorari on January 9, 2006.  See Lasure v. South Carolina Dept. of Corrections, 139 Fed.Appx. 585, 2005 WL 1771310 (4th Cir., July 27, 2005) (unpublished, NO. 05-6520), *cert. denied*, 126 S.Ct. 1131, 163 L.Ed.2d 875, 74 USLW 3391 (Jan. 09, 2006) (NO. 05-7166).

At the time Plaintiff entered his plea to the criminal charge for which he served his sentence and for which he now faces civil commitment, he was legally represented by Defendant O. Lee Sturkey.  The other Defendant, Ervin Maye, served as the prosecuting attorney, or Solicitor.  In the Complaint filed in this case, Plaintiff seeks to recover damages from both Defendants because

---

[1] This Court may take judicial notice of the habeas corpus action Plaintiff filed while he was incarcerated within the South Carolina Department of Corrections (SCDC) prison system: Civil Action No. 0:04-944-RBH.  See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).



2

he claims they engaged in a "conspiracy" with a children's protection group from Florida to bring Plaintiff to South Carolina and force him to plead to a crime. In addition to seeking damages, Plaintiff requests that his conviction be expunged.

With respect to actions filed pursuant to 42 U.S.C. § 1983,[2] such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the United States Supreme Court has written:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); *see also* Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995). Therefore, until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.

Since Plaintiff has not been successful in his attempts to have his lewd act conviction set aside, and since his claims of a conspiracy against him between the Solicitor and his defense

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *See* Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using their badge of authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *See* McKnight v. Rees, 88 F.3d 417(6th Cir. 1996)(emphasis added).



attorney imply the invalidity of his conviction or sentence, his claim is barred by Heck. *See* Johnson v. Freeburn, 29 Fed.Supp.2d 764, 772 (S.D.Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also* Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).  As a result, this case is subject to summary dismissal as to both Defendants without issuance of service of process.

Moreover, even if Heck did not bar this case completely, Plaintiff's claims against Defendant Maye are clearly barred by the doctrine of prosecutorial immunity, which provides that prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings.  *See* Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D. Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Of particular importance in this case is the fact that it is well settled in this circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," Lyles v. Sparks, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution.  *See* Springmen v. Williams, 122 F. 3d 211, 212-13 (4th Cir. 1997). Additionally, at least three other circuits have found that absolute immunity extends to actions taken by a prosecutor while negotiating a plea. *See* Cole v. Smith, 188 F.3d 506, 506 (6th Cir. 1999) (Table, text in WESTLAW, NO. 97-5964); Ferrer v. Daily, 104 F.3d 367, 1996 WL 731618,*1 (10th Cir.); Pinaud v. County of Suffolk, 52 F.3d 1139, 1149 (2d Cir.1995).  Boiled down to its essence, this is all Plaintiff complains about: that Defendant Maye negotiated a plea deal with his (Plaintiff's) legal counsel.  As the decided cases hold, such activities are purely prosecutorial functions and are absolutely immune from Plaintiff's claims.  Hence, Plaintiff is not entitled to recover any damages from Defendant Maye based on his performance of these functions.



4

Finally, Plaintiff's attempt to sue the defense attorney who represented him during his plea negotiations is also subject to summary dismissal. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The United States Supreme Court has determined that "a public defender [or other defense attorney] does not qualify as a state actor when engaged in his general representation of a criminal defendant." Georgia v. McCollum, 505 U.S. 42, 53 (1992).[3]  Although it is not clear whether or not Sturkey was court-appointed or privately retained defense counsel; either way, he would not qualify as a state actor because he was representing the criminal defendant, not the State of South Carolina. Polk County v. Dodson, 454 U.S. 312 (1981).

While Plaintiff could sue his attorney under the state law tort of malpractice, a § 1983 action may not be based on a violation of state law or on a state tort.  *See*  Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988).  *See also* West v. Atkins, 487 U.S. 42, 48 (1988) (to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); Kendall v. City of Chesapeake, 174 F.3d 437 (4th Cir. 1999) (same).  Negligence and legal malpractice are causes of action under South Carolina law.  *See*, *e.g.*, Mitchell v. Holler, 311 S.C. 406, 429 S.E.2d 793 (1993); Yarborough v. Rogers, 306 S.C. 260, 411 S.E.2d 424 (1991).[4]   However, Plaintiff should be aware of the state statute of limitations on such negligence/malpractice actions, which is generally three years from the time of the alleged injury to the client.  *See* Epstein v. Brown,  363 S.C. 372, 610 S.E.2d 816 (2005); *see also* S.C. Code Ann. §§ 15-3-530; 15-3-535 (Supp. 2003).

---

[3] In Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982), the Court held that the statutory requirement of action "under color of state law" is identical to the "state action" requirement for other constitutional claims.

[4] A civil action for negligence and legal malpractice would be cognizable in this Court under the diversity statute, but only if that statute's requirements are satisfied, which they clearly are not in this case. *See* Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992).



5

**Recommendation**

Based on the forgoing, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.   See <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966); *see also* <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

May 24, 2006
Columbia, South Carolina



6

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

