IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| ALFRED WILLIAM LASURE, ) | Civil Action No.: 0:06-cv-1160-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ERVIN MAYE and ) | |
| O. LEE STURKEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, appearing *pro se*, brought this action under 28 U.S.C. § 1983 against his defense attorney and the prosecuting attorney involved in his state court criminal proceedings. Plaintiff, who is currently committed to the Behavior Disorders Treatment Program ("BDTP") operated by the South Carolina Department of Mental Health for persons designated as sexual predators under South Carolina law, alleges that the Defendants engaged in a conspiracy with a children's protection group from Florida to bring the Plaintiff to South Carolina and force him to plead guilty to a crime.[1]  Plaintiff seeks to have his criminal conviction and civil commitment to the BDTP expunged in addition to monetary damages against the Defendants.

This matter comes before the court with the Report and Recommendation [Docket Entry #9] of Magistrate Judge Bristow Marchant in which he recommended the Plaintiff's case be dismissed without prejudice and without issuance and service of process.  On May 31, 2006, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

---

[1] Plaintiff pled *nolo contendere* to one count of Lewd Act on a Child under the age of 16 in Edgefield County.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

**Discussion**

The Magistrate Judge found that because the Plaintiff was challenging the validity of his conviction and/or sentence and had not been successful in his attempts to have his lewd act conviction set aside, his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Magistrate Judge concluded further that even if *Heck* did not bar this case completely, Plaintiff's claims against the prosecutor were clearly barred by the doctrine of prosecutorial immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). With regard to Plaintiff's claims against his defense attorney, the Magistrate Judge found that Plaintiff's claims were subject to dismissal because a defense attorney, whether a

2

public defender, privately retained, or court-appointed, is not a state actor when engaged in the general representation of a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980).

The court has reviewed the Plaintiff's objections and finds that they are without merit.

## Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. Accordingly, Plaintiff's case is **DISMISSED without prejudice** and without issuance and service of process.

**IT IS SO ORDERED**.

May 8, 2007                                           s/ R. Bryan Harwell
Florence, South Carolina                              R. Bryan Harwell
                                                      United States District Judge